appellant to abide the event. Held, that the record presents questions of fact which should have been submitted to the jury.

WHITEHOUSE, Respondent, v. STATEN ISLAND WATER SUPPLY CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 24, 1905.) Action by George M. Whitehouse against the Staten Island Water Supply Company. No opinion. Judgment of the Municipal Court affirmed, with costs.

WILKINSON, Respondent, v. KRANTZ, Appellant. (Supreme Court, Appellate Division, Fourth Department. July 6, 1905.) Action by Emerett Wilkinson against Charles Krantz. No opinion. Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs.

In re WILLIAMS. (Supreme Court, Appellate Division, Second Department. September 29, 1905.) In the matter of the application of William D. Williams for admission to the bar. No opinion. Application granted.

WILLIAMS, Appellant, v. BUCKLEY et al., Respondents. (Supreme Court, Appellate Division. First Department. July 7, 1905.) Action by William Williams against Charles Ramsay Buckley and others. F. J. Moissen, for appellant. R. K. Prentice, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

WILLIAMS, Respondent, v. HATCH, Appellant (two cases). (Supreme Court, Appellate Division, Fourth Department. October 18, 1905.) Action by Elizabeth Bird Williams against Albert G. Hatch. No opinion. Order affirmed, with $10 costs and disbursements.

WILLIAMS et al., Respondents, v. HATCH, Appellant. (Supreme Court, Appellate Division, Fourth Department. November 22, 1905.) Action by Elizabeth Bird Williams, and others against Albert G. Hatch. No opinion. Motion for reargument denied, with $10 costs and disbursements.

WILLIAMS, Respondent, v. McMANUS, Appellant. (Supreme Court, Appellate Division, Second Department. October 20, 1905.) Action by Herbert E. Williams, as agent, etc., against Thomas McManus. No opinion. Motion denied.

WILSON, Appellant, v. MANDEVILLE, Respondent. (Supreme Court, Appellate Division, Fourth Department. October 11, 1905.) Action by Percy H. Wilson against William H. Mandeville.
PER CURIAM. Judgment affirmed, with costs.
WILLIAMS, J., dissents.

WILSON, Respondent, v. NEW YORK MILK PRODUCTS CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. October 18, 1905.) Action by Lydall L. Wilson against the New York Milk Products Company. No opinion. Motion for leave to file notice of appeal with county clerk granted, upon payment of $10 costs of this motion to the respondent.

WILSON & McNEAL CO. v. STANDARD OIL CO. OF NEW YORK. (Supreme Court, Appellate Division, First Department. October 13, 1905.) Action by the Wilson & McNeal Company against the Standard Oil Company of New York. No opinion. Motion denied.

WOODILL, Appellant, v. MADDEN et al., Respondents. (Supreme Court, Appellate Division, Second Department. July 27, 1905.) Action by William L. Woodill against Alice H. Madden and Margaret E. Madden, as executrices, etc. No opinion. Judgment affirmed, with costs.

W. P. DAVIS MACH. CO., Respondent, v. ROBINSON et al., Appellants. (Supreme Court, Appellate Division. Fourth Department. November 15, 1905.) Action by the W. P. Davis Machine Company against Harry Robinson, individually, etc., and another. No opinion. Order affirmed, with $10 costs and disbursements.

In re WOOD et al. (Supreme Court, Appellate Division, Third Department. November 21, 1905. In the matter of the application of Jesse M. Wood and others to alter a highway in the town of Gilboa. No opinion. Motion for reargument granted. See 95 N. Y. Supp. 260.

WOOD, Appellant, v. NEW JERSEY SILK CO., Respondent. (Supreme Court, Appellate Division, First Department. July 7, 1905.) Action by Joseph Wood against the New Jersey Silk Company. D. A. Spellissy, for appellant. S. Kohn, for respondent.
PER CURIAM. Judgment affirmed, with costs.
PATTERSON, J., dissenting.

WOOD, Respondent, v. STUART, Appellant. (Supreme Court, Appellate Division, Second Department. October 12, 1905.) Action by George R. Wood against Edmund A. Stuart.
PER CURIAM. We do not think the statement of items contained in the plaintiff's bill of particulars constitutes an account of such a character as to justify a compulsory order of reference in this case. Order reversed, with $10 costs and disbursements, and motion denied.

WOOLSEY, Respondent, v. LONG ISLAND R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 20, 1905.) Action by George M. Woolsey against the Long Island Railroad Company. No opinion. Motion denied.

WUCHERER, Appellant, v. OCEAN VIEW CEMETERY, Respondent. (Supreme Court, Appellate Division, Second Department. August

31, 1905.) Action by Robert Wucherer against the Ocean View Cemetery.

PER CURIAM. Judgment affirmed, with costs.

HIRSCHBERG, P. J., dissents.

WULFF, Respondent, v. FIFTH AVE. COACH CO., Appellant (two cases). (Supreme Court, Appellate Division, Second Department. June 23, 1905.) Actions by Robert W. Wulff, an infant, by Adolph Wulff, his guardian ad litem, and by Adolph Wulff, individually, against the Fifth Avenue Coach Company.

PER CURIAM. We cannot assume or determine the existence of a disputed oral stipulation. The existing stay is ineffective. The motion to continue it until 10 days after the determination of the appeal is granted.

WYOMING COUNTY NAT. BANK OF WARSAW, Appellant, v. MILLER et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. November 22, 1905.) Action by the Wyoming County National Bank of Warsaw against George M. Miller and another. No opinion. Judgment affirmed, with costs.

YEAMANS, Appellant, v. LIEBLER et al., Respondents. (Supreme Court, Appellate Division, First Department. July 7, 1905.) Action by Annie Yeamans against Theodore A. Liebler and another. M. Meyer, for appellant. G. B. Townsend, for respondents. No opinion. Judgment affirmed, with costs.

YOUNGS et al. v. YOUNGS et al. (Supreme Court, Appellate Division, Second Department. June 16, 1905.) Action by Fanny Henrietta Youngs, as sole surviving executrix, etc., and others, against Ada C. Youngs, individually and as executrix, etc., and others.

PER CURIAM. We do not think there is any inconsistency in the referee's findings on the matter in question. Motion to resettle order denied.

YUNGBLUTH v. CHRISTMAN et al. (Supreme Court, Appellate Division, First Department. November 17, 1905.) Action by Dora Yungbluth against John Christman and another. No opinion. Motion granted, so far as to dismiss appeal, with $10 costs.

ZAMORY v. LEVY et al. (Supreme Court, Appellate Division, First Department. November 17, 1905.) Action by George G. Zamory against Joseph Levy and another. No opinion. Motion dismissed, with $10 costs.

ZATZ, Respondent, v. SCHWARTZ et al., Appellants. (Supreme Court, Appellate Term. December 21, 1905.) Appeal from Municipal Court, Borough of Manhattan, Fifth District. Action by Joseph Zatz against Gassian Schwartz and another. From a judgment for plaintiff, defendants appeal. Affirmed. Morris Meyers, for appellants. Kleiner & Harris, for respondent.

MacLEAN, J. Pursuant to oral agreement and to give credit to his brother Max, the drawer of a note, Gassian Schwartz became an irregular indorser by putting his name on the back of a note before its delivery to the drawee, who in part consideration thereof was to assign a lease. The note was delivered to the drawee, the lease was assigned, and Max went into possession of the premises. Then Gassian took the note according to prior promise to have it discounted. Instead he returned it a couple of days later with his name crossed out. Evidence quite sufficient was given of presentment of the note, nonpayment, and notice of dishonor to justify the finding of the learned trial justice against the defendant. Judgment affirmed, with costs. All concur.

In re ZIEGLER. (Supreme Court, Appellate Division, First Department. July 7, 1905.) In the matter of Sarah Ziegler. G. M. Mackellar, for appellant. S. W. Stern, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

ZIEGLER et al., Respondents, v. GOLDBERG, Appellant. (Supreme Court, Appellate Division, Second Department. October 6, 1905.) Action by Samuel Ziegler and Julius Sing against Hyman Goldberg. No opinion. Judgment of the Municipal Court affirmed by default, with costs.

VOORHEES, Respondent, v. HUDSON RIVER TELEPHONE CO., Appellant. (Supreme Court, Appellate Division, Third Department. November 15, 1905.) Dissenting opinion. For majority opinion see 95 N. Y. Supp. 703, 109 App. Div. 468.

CHESTER, J. (dissenting). There was sufficient evidence of the defendant's negligence to justify the submission of that question to the jury. Its manager knew that the old pole had fallen and had been reset. It was not sufficient under such circumstances to tell the deceased that the pole was an old one and to be careful and not take any chances. The mere fact that the deceased was sent to replace the wires from one pole to the other would be sufficient notice to him that one was an old pole, without the manager telling him that fact; but the manager knew that the pole had rotted off and had fallen and had been reset. He should have stated those facts to the deceased, so as to put him on his guard and to excite greater care on his part. There is no proof that the deceased had any knowledge that the pole had fallen and had been reset. The defendant's manager having this knowledge, and the deceased not having it, common prudence required that the latter should have been informed of it. There was, therefore, enough on this branch of the case to justify the submission of the question to the jury. I think, too, that enough was shown by the plaintiff to satisfy the rule of law requiring him to establish affirmatively by a preponderance of evidence that the decedent was free from any fault which contributed to the accident. In cases where, as here, there was no eyewitness to the accident, the rule in this respect has been somewhat relaxed. It has been permitted in such cases to